CHARLES WESTON, ALIAS CHARLES WERND, PLAINTIFF IN ERROR, *v*. THE PEOPLE OF THE STATE OF NEW YORK, DEFENDANTS IN ERROR.

*Chap.* 427 *of* 1873 — *right of court to decide as to qualifications of jurors.*

Chapter 427 of 1873 providing that all challenges of jurors, both in civil and criminal cases, shall be tried and determined by the court alone, is constitutional and valid.

WRIT of error to the Court of Oyer and Terminer, to review the conviction of the plaintiff in error of murder in the first degree.

*John O. Mott* and *Wm. F. Kintzing*, for the plaintiff in error.

*B. K. Phelps* and *D. J. Rollins, Jr.*, for the defendants in error.

BRADY, J. :

Justice DAVIS, by his opinion in the case of the *The People* v. *William Thompson and William Ellis* (*ante*, 135), has disposed of two questions presented as well on their behalf as on the part of the plaintiff in error herein. They relate to the transfer of the case from the Court of Sessions to the Court of Oyer and Terminer, and to the array of petit jurors, assumed to have been improperly drawn. Both questions are decided adversely to the plaintiff in error. The remaining question arises from the refusal of the court to appoint triers upon a challenge for favor. The refusal was placed upon the provisions of the statute (Laws 1873, chap. 427, § 1), authorizing the court to act upon and dispose of such a challenge without triers. It is claimed that that act is unconstitutional, because it is in derogation of the common-law right of trial by jury, which secured a tribunal other than the court alone for the disposition of such challenges, namely, triers appointed for that purpose. In 1872 (chap. 475, Laws 1872), an act was passed in relation to challenges. It provides that the previous formation or expression of an opinion or impression, in reference to the circumstances upon which any criminal action at law is based, or in reference to the guilt or innocence of the prisoner, or a present opinion or impression in reference thereto, shall not be a sufficient ground of challenge for

principal cause, provided the person proposed as a juror shall declare, on oath, that he verily believes that he can render an impartial verdict according to the evidence; that such opinion or impression will not bias or influence his verdict; and provided the court shall be satisfied that the proposed juror does not entertain such a present opinion, as would influence his verdict as a juror. And this court declared in *Barkley* v. *The People* (MS. op.), if any alteration of the qualifications of a juror was made by that act, it was not an unconstitutional exercise of legislative power. It was a mere regulation of the challenge for principal cause prescribing what should not be a sufficient ground to sustain such a challenge. It was also said in that case, that the legislature might change or regulate the mode of challenging, and that so long as the right of a jury trial was preserved, and means provided by which impartial jurors could be obtained, there was no violation of the constitutional guarantee of trial by jury. The cases of *Walter* v. *The People* (32 N. Y., 147), and *Stokes* v. *The People* (53 id., 164), sustain this doctrine. The change made by the act of 1873 (*supra*), was in the mode of trial only. It took nothing from the prisoner which an accused had previously enjoyed, and in no way interfered with his right to an impartial, unbiased jury. It submitted his rights in that respect to the court, and not to triers chosen for the purpose, and to a tribunal therefore equally capable of determining all questions, which might be presented to them. It did not interfere with the right of trial by jury which was not in any respect invaded by any of its provisions, but only with the mode of ascertaining the fitness of the jurors to be impanneled, which it was clearly within the legislative power to regulate. Indeed the whole machinery for that purpose is statutory, and changeable at the will of the sovereign power. In the courts of the United States, the same mode of determining challenges to the favor has been the practice for many years. (See Rev. Stat. U. S., p. 152), and we are not advised that any one has questioned the act of congress by which it was established, on the score of its unconstitutionality. In reference to the juror William Barrett, it is our judgment that the decision made at the Oyer and Terminer upon the challenge to the favor was correct. The juror was able to try the plaintiff in error, without being at all influenced by the

impression upon his mind, created merely by reading in a newspaper of the occurrence which formed the subject of the trial. The impression would not interfere with his verdict, which would be based upon the evidence given. Such impressions are valueless, and of no force. It is not possible, that any right minded man could yield his entire judgment and intelligence to such a vague incident.

Davis, P. J., and Daniels, J., concurred.

Judgment affirmed.